# Exhibit 3

STATE OF NORTH CAROLINA ~~FILED~~ IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

GUILFORD COUNTY

Case No. 19 CvS 30 9y

2019 FEB -5 P 3: 27

GUILFORD CO., C.S.C.

BY:

YELLOW DOG DESIGN, INC.

Yellow Dog Design,

)
)
)
)

vs.

)
)

YELLOW DOG, LLC and
JOSEPH J. JURAS,

)
)
)

Defendants.

)

## COMPLAINT

Yellow Dog Design, Inc., complaining of Defendants, alleges and says:

### NATURE OF THE ACTION

1.      Yellow Dog Design, Inc. (hereinafter "Yellow Dog Design") seeks monetary

relief for acts of trademark infringement and unfair competition, and breach of contract. This

action arises under the laws of the United States, the laws of the State of North Carolina, and

common law.

### PARTIES

2.      Yellow Dog Design, Inc. (hereinafter "Yellow Dog Design") is a corporation

organized and existing under the laws of the State of North Carolina with its principal office

located in Greensboro, Guilford County, North Carolina.

3.      Defendant Yellow Dog, LLC (hereinafter "Defendant Company") is a limited

liability company corporation organized and existing under the laws of the Commonwealth of

Virginia with a principal place of business at 516 River Highway, Suite D, Mooresville, North

Carolina 28117. Upon information and belief, Yellow Dog, LLC has not registered to do

business in the State of North Carolina, but is doing substantial business in the State of North Carolina.

4.     Upon information and belief, Defendant Joseph J. Juras (hereinafter "Defendant Juras") is a citizen and resident of North Carolina. Defendant Juras is the managing member of Defendant Company.

## VENUE AND JURISDICTION

5.     Jurisdiction is conferred on this Court by virtue of N.C. Gen. Stat. § 1-75.4.

6.     Venue is proper under N.C. Gen. Stat. § 1-82.

## FACTUAL ALLEGATIONS

7.     Yellow Dog Design manufactures and sells brightly colored and uniquely designed pet accessories, including collars and leashes. Yellow Dog Design's principals had extensive experience in the dye sublimation and printing businesses and started the company in 2001 as a printer and manufacturer of promotional products. In 2004, Yellow Dog Design began designing and developing its own finished products for retail, specifically, pet collars and leashes. Each of the designs marketed by Yellow Dog Designs is created by Yellow Dog Designs.

8.     At substantial expense and effort, Yellow Dog Design began marketing pet leashes and collars for sale in the United States at least as early as 2004. These distinctive products are marketed under the name "Yellow Dog Design."

9.     By virtue of Yellow Dog Design's sales, marketing, advertising and promotional efforts and activities and the excellence of its products, Yellow Dog Design has obtained and enjoys a valuable reputation and extensive goodwill symbolized by the mark Yellow Dog

2

Design. Within the pet accessory market, the mark Yellow Dog Design has become widely known, recognized and often referred to as simply "Yellow Dog."

10.     Yellow Dog Design has spent tens of thousands of dollars on advertising its Yellow Dog Design products and establishing its brand in major trade magazines, catalogs and publications aimed at pet retailers, groomers, veterinarians, and consumers.

11.     In addition, Yellow Dog Design travels and exhibits at several major pet industry trade shows. These shows are a costly but necessary expense in maintaining a strong presence within the pet industry, as well as in generating new customers, servicing existing customers, and to promoting the brand recognition and good will of the Yellow Dog Design mark.

12.     The reaction from the trade and consuming public to the Yellow Dog Design pet accessories been very positive.

13.     Yellow Dog Design sells its pet accessories bearing the Yellow Dog Design mark to retailers of pet accessories, who in turn sell the products for purchase by the ultimate consumers.

14.     Upon information and belief, Defendant Company operates an e-commerce sales company through the websites www.yellowdog.com and www.yellowdognantucket.com. Upon information and belief, Defendant Juras is the owner of the domain names being used by Defendant Company for the sale of its products.

15.     Defendant Company sells a variety of products including, but not limited to, dog collars, dog leashes, and dog bandanas on its website, www.yellowdog.com. Defendant Company offers for sale a dog toy (tennis ball), a dog bowl, and a retriever bandana using the mark YELLOW DOG. The bandana is marketed as a "Yellow Dog® Retriever Bandana even

3

though neither Defendant Company nor Defendant Juras own the registration for the mark YELLOW DOG for such a product.

16.    The collar and leash are marketed as "Golden Life® Webbed Collar" and "Golden Life® Leash Lead," respectively. However, the webpage on which the collar and leash lead are displayed also contains, at the top, the following image:



**YELLOW DOG.**

17.    Upon information and belief, neither Defendant Company nor Defendant Juras own a trademark registration for the design shown above.

18.    Upon information and belief, Defendant Company has registered the following trademark with the United States Trademark Office:

| Registration Number | Mark | Goods/Services |
|---|---|---|
| 3,904,110 | YELLOW DOG | Shirts |
| 4,281,504 | YELLOW DOG | On-line retail store services featuring apparel; retail apparel stores |
| 4,505,114 | YELLOW DOG | Baseball caps; baseball caps and hats; caps with visors; golf caps |
| 4,684,556 | YELLOW DOG | Dog collars/ dog collars and leads, neckwear for dogs |

4

19. On February 18, 2017, Yellow Dog Design sought to register the mark YELLOW DOG DESIGN for "dog collars and leads; animal harnesses for dogs" (United States Serial Number 87341314).

20. The United States Trademark Office refused registration because the Trademark Examiner believed that the mark YELLOW DOG DESIGN was confusingly similar with the mark YELLOW DOG, registration number 4,684,556, owned by Defendant Company.

21. Yellow Dog Design filed a Petition to Cancel with the Trademark Trial and Appeal Board (Cancellation No. 92066830) seeking to cancel the YELLOW DOG registration (No. 4,684,556) on the basis that Yellow Dog Design had priority of use prior to Defendant Company's use of the Yellow Dog mark for dog collars, dog leads, and other pet accessories.

22. Yellow Dog Design provided documents and other information to Defendant Company regarding Yellow Dog Design's use prior to Defendant Company's use.

23. Defendant Company and Yellow Dog Design agreed to settle the Cancellation Proceeding with a written Release and Settlement Agreement. A true and accurate copy of the Release and Settlement Agreement is attached as **Exhibit A** and incorporated herein by reference (the "Settlement Agreement").

24. The Settlement Agreement, among other provisions set out therein, required Yellow Dog Design to make a payment of $5,000.00 to Defendant Company and Defendant Company was to assign Registration No. 4,684,556 to Yellow Dog Design.

25. In accordance with the Settlement Agreement, Yellow Dog Design made the required payment to Defendant Company after receiving the fully executed Settlement Agreement and Assignment of Trademark. Yellow Dog Design filed the Assignment of

5

Trademark with the United States Trademark Office (a true and accurate copy of which is attached as Exhibit B and incorporated by reference).

26.    The Settlement Agreement also required that Defendant Company "immediately cease all advertisements and sales of dog collars; dog collars and leads, and neckwear for dogs using the [YELLOW DOG mark, Registration No. 4,684,556] or any confusingly similar variant thereof."

27.    The Settlement Agreement further required that Defendant Company agreed to remove references to dog collars, dog leads, and neckwear for dogs "from its websites...."

28.    Yellow Dog Design fully complied with its obligations under the Settlement Agreement.

29.    After Yellow Dog Design filed its Petition to Cancel on or about September 7, 2017, Defendant Company, by and through Defendant Juras, filed petitions to register the following trademarks without disclosing such facts to Yellow Dog Design:

| Serial Number | Mark | Goods/Services |
|---|---|---|
| 87641250<br>Filing Date: October 11, 2017 | YELLOW DOG | Animal clothing for dogs, namely bandanas |
| 87647269<br>Filing Date: October 16, 2017 | YELLOW DOG | Dog toys; tennis balls |
| 87652496<br>Filing Date: October 19, 2017 | YELLOW DOG | Pet feeding and drinking bowls |

30.    Upon information and belief, Defendant Juras did not disclose that his and Defendant Company's intention was to negotiate a settlement with Yellow Dog Design in which it agreed to stop selling dog bandanas and neckwear, while making arrangements to do exactly that after agreement was reached.

6

31.     Each of Defendant Company's application to register YELLOW DOG in the general area of "pet products" has been initially rejected by the Trademark Office because each were found have a likelihood of confusion with the mark YELLOW DOG DESIGN.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

32.     Yellow Dog Design hereby adopts and incorporates by reference the allegations contained in the preceding paragraphs.

33.     Yellow Dog Design and Defendant Company entered into a Release and Settlement Agreement. The Settlement Agreement is valid and enforceable.

34.     Defendant Company has breached the Settlement Agreement by, among other things, continuing to advertise and sell dog collars, dog leads, and neckwear for dogs using the Yellow Dog mark; and by failing to remove references to dog collars, dog leads, and neckwear for dogs from Defendant Company's and Defendant Juras' websites.

35.     Defendants' breach of contract is the legal and proximate cause of damages to Yellow Dog Design.

36.     Yellow Dog Design is entitled to recover damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
(Injunctive Relief)

37.     Yellow Dog Design hereby adopts and incorporates by reference the allegations contained in the preceding paragraphs.

38.     Pursuant to Rule 65 of the North Carolina Rules of Civil Procedure, Yellow Dog Design requests that the Court direct the Defendants to remove all references to dog collars, dog

7

leads, and dog neckwear from any websites that use the mark YELLOW DOG or a confusingly similar mark.

39. Pursuant to Rule 65 of the North Carolina Rules of Civil Procedure, Yellow Dog Design requests that the Court direct the Defendants to remove all references to ownership of a Yellow Dog registered trademark in conjunction with dog products unless, or until, such registration is finally approved by the appropriate authorities.

40. Pursuant to Rule 65 of the North Carolina Rules of Civil Procedure, Yellow Dog Design requests that the Court direct the Defendants to cease using the mark YELLOW DOG in conjunction with pet products including, but not limited to, dog collars, dog leashes and leads, dog bowls, dog toys, and dog neckwear/bandanas as such use of the YELLOW DOG mark are confusingly similar to the Yellow Dog Design's registered marks, YELLOW DOG and YELLOW DOG DESIGN.

## THIRD CLAIM FOR RELIEF
### (Trademark Infringement)

41. Yellow Dog Design hereby adopts and incorporates by reference the allegations contained in the preceding paragraphs.

42. Yellow Dog Design owns the following federally registered trademarks:

YELLOW DOG DESIGN:          Registration No. 5,553,003
Registration Date: September 4, 2018
Goods: Dog collars and leads, animal harnesses for dogs.

YELLOW DOG:          Registration No. 4,684,556
Registration Date: February 10, 2015
Assignment: March 2, 2018
Goods: Dog collars, dog collars and leads, neckwear for dogs

8

43.     Defendant Company uses the mark YELLOW DOG in a manner that is likely to cause confusion, or to cause mistake, or to deceive as a result of the similarity of the marks in sound, appearance and meaning.

44.     Defendant Company uses YELLOW DOG in connection with goods that are competitive with or related to the goods set out in Yellow Dog's Designs registered marks.

45.     Defendant Company's adoption of a mark that is identical to Yellow Dog Design's registered marks constitutes a false designation of origin that is likely to cause, and upon information and belief has caused, confusion, mistake, or deception as to origin, sponsorship, or approval of Defendant Company's goods, in violation of the Lanham Act, 15 U.S.C. § 1114.

46.     Defendant Juras is the registered owner of the website and allows Defendant Company to offer such goods on such websites.

47.     Defendants' infringing acts have damages Yellow Dog Design and, unless restrained, will continue to damage Yellow Dog Design, including irreparable injury to the reputation and goodwill of Yellow Dog Design.

48.     The total amount of damage sustained and to be sustained by Yellow Dog Design because of Defendants' conduct is not capable of assessment, but is reasonably believed to exceed $10,000.

49.     Yellow Dog Design is entitled to receive Defendants' profits on the sale of its goods bearing the infringing marks, pursuant to 15 U.S.C. § 1117(a). Yellow Dog Design is entitled to recover treble the amount of Defendants' profits on sales of its infringing goods pursuant to 15 U.S.C. § 1117(a).

9

50.    Yellow Dog Design is entitled to recover the costs of this action, including a reasonable attorney fee, pursuant to 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition of Common Law Rights)

51.    Yellow Dog Design hereby adopts and incorporates by reference the allegations contained in the preceding paragraphs.

52.    As a result of said sales and advertising by Yellow Dog Design under the mark YELLOW DOG and YELLOW DOG DESIGN marks, the marks have developed and now have secondary and distinctive trademark meaning to purchasers in Defendant Company's trade area. Said mark has come to indicate to purchasers a meaning of goods originating only with Yellow Dog Design. As a result of this association by purchasers of the mark with Yellow Dog Design, Defendant Company's use of the mark and name is likely to cause confusion of the purchasers.

53.    The acts of Defendant Company constitute unfair competition and an infringement of Yellow Dog Design's common law rights in said marks, YELLOW DOG and YELLOW DOG DESIGN.

54.    Defendant Company has infringed Yellow Dog Design's marks as alleged herein with the intent to deceive the public into believing that goods offered by Defendant are approved by, sponsored by or affiliated with, Yellow Dog Design.   Defendant Company's acts as alleged herein were committed with the intent to pass off and palm off Defendant's goods as the services of Yellow Dog Design, and with the intent to deceive and defraud the public.

55.    By reason of Defendant Company's infringing activities, Defendant Company has damaged Yellow Dog Design and, unless restrained, will continue to cause irreparable injury to Yellow Dog Design's goodwill and reputation.

10

56.     The total amount of damage sustained and to be sustained by Yellow Dog Design because of Defendant Company's conduct is not capable of assessment, but is reasonably believed to exceed $10,000.

57.     Defendant Company's intentional copying of Yellow Dog Design's marks constitutes conduct that is outrageous and/or in reckless indifference to the rights of Yellow Dog Design, entitling Yellow Dog Design to punitive damages.

## FIFTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices Act)

58.     Yellow Dog Design hereby adopts and incorporates by reference the allegations contained in the preceding paragraphs.

59.     Defendants have used the trademark registration symbol, to wit, ®, even though it does not own the registration for the trademark YELLOW DOG to be used with pet supplies and pet products.

60.     By reason of the activities set forth above, Defendants have intentionally and willfully, in the course of its business, caused potential misunderstandings as to the source, sponsorship, or approval of its services.  In addition, Defendants have either caused or created the tendency or capacity to cause a likelihood of confusion or deceptions as to the affiliation, connection or association of Defendants Company's goods with Yellow Dog Design. Consequently, Defendant has engaged in deceptive trade practices in violation of North Carolina Statutes.

61.     By reason of it infringing activities, Defendants have damaged Yellow Dog Design and, unless restrained, will continue to cause irreparable injury to Yellow Dog Design's goodwill and reputation.

11

62.    The total amount of damage sustained and to be sustained by Yellow Dog Design because of Defendants' conduct is not capable of assessment, but is reasonably believed to exceed $10,000.

63.    Yellow Dog Design is entitled attorney's fees.

WHEREFORE, Yellow Dog Design prays for judgment against the Defendants as follows:

1.    That Defendants have infringed Yellow Dog Design's trademark and have engaged in deceptive trade practices and acts of unfair competition;

2.    That Defendants have breached the Release and Settlement Agreement;

3.    That Defendant, its officers, agents, servants, employees, attorneys and those persons, firms or corporations, acting in concert and participation with Defendants, from any advertisement, promotion, offer for sale, or any other involvement with the sale of pet products that bear the infringing mark, or any colorable imitation of Yellow Dog Design's distinctive marks;

4.    That Defendants be ordered to account to Yellow Dog Designs for any monies received by or on behalf of the sale of its goods that bear the infringing marks or any other colorable imitation of the marks;

5.    That Yellow Dog Designs be awarded monetary damages in the amount of Defendants' profits and interest gained from the sale of its goods that bear the infringing marks or any other colorable imitation;

6.    That damages be trebled pursuant to North Carolina and Federal law due to the willful and deliberate nature of the infringement;

7.     That Defendants be ordered to pay punitive damages due to Defendants'
outrageous and/or recklessly negligent conduct;

8.     That Yellow Dog Designs be awarded its costs and a reasonable attorney's fee
due to the exception nature of this case, and pursuant to Federal and North Carolina law; and

9.     That Yellow Dog Design have and recover such other and further relief as the
Court may deem just and proper.

This the 5th day of February, 2019.


_____
Gilbert J. Andia, Jr. (NCSB 16533)
*Attorneys for Plaintiff*
*Yellow Dog Design, Inc.*

OF COUNSEL:

Higgins Benjamin, PLLC
301 North Elm Street, Suite 800
Greensboro, North Carolina 27401
Telephone:  336-273-1600
Facsimile:  336-274-4650
Email:  bandia@greensborolaw.com

13

# EXHIBIT A

STATE OF NORTH CAROLINA

GUILFORD COUNTY

**RELEASE AND SETTLEMENT
AGREEMENT**

THIS RELEASE AND SETTLEMENT AGREEMENT (the "Agreement") is entered into as of the latest date set forth below, by and among YELLOW DOG, LLC; a Virginia limited liability company with an office located at 516 River Highway, Suite D, Mooresville, North Carolina (hereinafter "YDLLC"), and YELLOW DOG DESIGN, INC. a North Carolina corporation with a principal office located at 112 O'Connor Street, Greensboro, North Carolina (hereinafter "YELLOW DOG DESIGN").

## I.    RECITALS

WHEREAS, YELLOW DOG DESIGN claims to own common law rights in the mark YELLOW DOG DESIGN for use in the field of, but not limited to, dog collars, dog leashes and leads, and animal harnesses for dogs throughout the United States.

WHEREAS, YDLLC owns several United States Trademark Registrations for the mark YELLOW DOG, including United States Trademark Registration No. 4,684,556 for the mark YELLOW DOG, in the field of dog collars; dog collars and leads; and neckwear for dogs (the "Registered Mark").

WHEREAS, YELLOW DOG DESIGN filed a Petition for Cancellation of the Registered Mark in a proceeding before the Trademark Trial and Appeal Board, Cancellation No. 92066830 (the "Cancellation").

WHEREAS, YDLLC and YELLOW DOG DESIGN desire to enter into this Release and Settlement Agreement ("Agreement") to fully settle all claims of any kind whatsoever arising out of the use of the Registered Mark, the use of the mark YELLOW DOG DESIGN, or any other matter or thing occurring between YDLLC and YELLOW DOG DESIGN of or pertaining to their uses of their respective trademarks.

NOW THEREFORE, in consideration of the following terms and conditions, the parties hereby agree and undertake as follows:

{00529104-3 }1

## II.   SETTLEMENT TERMS

A.      YDLLC shall execute all documents reasonably required to assign the REGISTERED MARK and all associated good will to YELLOW DOG DESIGN.

B.      YDLLC shall immediately cease all advertisements and sales of dog collars; dog collars and leads; and neckwear for dogs using the REGISTERED MARK or any confusingly similar variant thereof.  YDLLC agrees to remove all references to such products from its websites, including www.yellowdognantucket.com within fourteen (14) business days of final execution of this Agreement.

C.      In exchange for this Agreement and for the Assignment of REGISTERED MARK, YELLOW DOG DESIGN agrees to pay to YDLLC the sum of Five Thousand Dollars and No Cents ($ 5,000.00) upon full execution of this Agreement and the Assignment.

D.      YDLLC further represents and warrants that it shall not oppose the registration of YELLOW DOG DESIGN.

E.      YELLOW DOG DESIGN, upon YDLLC's performance of the promises set forth above, and no later than thirty (30) days after full execution of this Agreement. will dismiss the Cancellation.

## III.   MUTUAL LIMITED RELEASE

In consideration of the Settlement Terms and the mutual covenants made herein, YDLLC and YELLOW DOG DESIGN release, acquit and forever discharge one another, their agents, shareholders, members, managers, officers, directors, employees, insurers, attorneys, principals, and representatives, and anyone else for whose conduct any of them may be responsible from any and all claims, demands, obligations, losses, causes of action, costs, expenses, attorneys' fees and liabilities, of or pertaining to their uses of their respective trademarks, whether based on contract, tort, statutory or other legal or equitable theory of recovery, whether known or unknown, which either party has, had, or claims to have against one another, or one another's agents, shareholders, members, directors, and employees, and anyone else for whose conduct any of them may be responsible, including but not limited to any and all claims which relate to, arise from, or are in any way pertaining to their uses of their respective trademarks through the date of this release.

below has the right and authority to execute this Agreement. Each party also releases, acquits, and discharges the opposing party and anyone acting on the opposing party's behalf for any and all claims arising out of any liens or subrogation rights.

## VII.   ENTIRE AGREEMENT

This Release and Settlement Agreement contains the entire agreement between YDLLC and YELLOW DOG DESIGN pertaining to the matters and things set forth herein. This Agreement shall be binding upon and inure to the benefit of all successors and interests.

## VIII.   GOVERNING LAW

This Agreement shall be construed and interpreted in accordance with the laws of the State of North Carolina. The parties specifically consent and agree to the jurisdiction of the courts of Guilford County, North Carolina for resolution of any dispute regarding this Agreement.

IN WITNESS WHEREOF, the parties execute this Release and Settlement Agreement on the dates set forth below.

YELLOW DOG, LLC

By: _____

Printed
Name: _Joseph Sivas_____

Its: _Principal_____

Date: _01/29/18_____

YELLOW DOG DESIGN, INC.

By: _____

Printed
Name: _DONALD BRIAN DEMPSEY_

Its: _TREASURER_____

Date: _3-5-18_____

STATE OF NORTH CAROLINA
COUNTY OF _Iredell_

    I, _Michael Ciciole_, a Notary Public in and for said County and State do hereby certify that _Joseph Juras_ personally came before me on behalf of YELLOW DOG, LLC this day and acknowledged the execution of the foregoing Release and Settlement Agreement.

WITNESS my hand and notarial seal, this the **29** day of **Jan** 2018.

                                        Notary Public

My commission expires:

**May 1, 2022**

```
Michael Ciociola
Notary Public
Iredell County
North Carolina
My Commission Expires 5/1/20.22
```

STATE OF NORTH CAROLINA
COUNTY OF GUILFORD

    I, _Timothy M. Ney_, a Notary Public in and for said County and State do hereby certify that _Donald Brian Dempsey_ personally came before me on behalf of YELLOW DOG DESIGN, INC> this day and acknowledged the execution of the foregoing Release and Settlement Agreement.

WITNESS my hand and notarial seal, this the **5th** day of **March** 2018.

                                          Notary Public

My commission expires:

**MAY 17, 2022**

```
TIMOTHY M NEY
Notary Public, North Carolina
Guilford County
My Commission Expires
May 17, 2022
```

{00529104-3 }5

# EXHIBIT B

## ASSIGNMENT OF TRADEMARKS

This agreement entered this ____ of January 2018 by and between YELLOW DOG, LLC, a Virginia limited liability company, with an office at 516 River Highway, Suite D, Mooresville, North Carolina herein referred to as "Assignor" and YELLOW DOG DESIGN, INC., a North Carolina corporation, with an office at 112 O'Conner Street, Greensboro, North Carolina, herein referred to as "Assignee."

Assignor registered the following mark, claiming that it had adopted and is using the mark in commerce as a trademark:

| Mark | Used For | U.S. Registration Number |
|------|----------|--------------------------|
| YELLOW DOG | Dog collars; dog collars and leads; and, neckwear for dogs | 4,684,556 |

Assignee is desirous of acquiring all rights, title and interest in and to said mark, and the good will symbolized by said mark.

Assignor, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, transfers and conveys all right, title and interest in the trademark listed above and all of the good will associated with the individual mark, and convey all right title and interest in the trademark, including the associated good will, to YELLOW DOG DESIGN, INC. a North Carolina corporation. This assignment includes all rights, title, and causes of action in the above trademark.

**TRADEMARK**
**REEL: 006312 FRAME: 0634**

It is the parties' intention that YELLOW DOG DESIGN, INC. shall have full ownership and enjoyment of the trademark from this day forward.

YELLOW DOG, LLC

By: _____       01/29/18
    Signature of Authorized Representative      Date

    Joseph Juras
    Printed Name

Its: _____
    Position

STATE OF NORTH CAROLINA
COUNTY OF _Iredell_

    I, _Michael Ciociola_, a notary public in and for the said state and county, hereby verify that _Joseph Juras_ personally appeared before me and acknowledged the due execution of the foregoing assignment, on this _29_ day of _January_, 2018.

_____
Notary Public

My Commission Expires: _May 1, 2022_
(NOTARIAL STAMP OR SEAL)

Michael Ciociola
Notary Public
Iredell County
North Carolina
My Commission Expires 5/1/2022

# TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

ETAS ID: TM464133

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT OF THE ENTIRE INTEREST AND THE GOODWILL |

### CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| YELLOW DOG, LLC | | 01/29/2018 | Limited Liability Company: VIRGINIA |

### RECEIVING PARTY DATA

| | |
|---|---|
| Name: | YELLOW DOG DESIGN, INC. |
| Street Address: | 112 O'Connor Street |
| City: | Greensboro |
| State/Country: | NORTH CAROLINA |
| Postal Code: | 27406 |
| Entity Type: | Corporation: NORTH CAROLINA |

### PROPERTY NUMBERS Total: 1

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 4684556 | YELLOW DOG |

### CORRESPONDENCE DATA

**Fax Number:** 3362744650

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| Phone: | 336-273-1600 |
| Email: | bandia@greensborolaw.com |
| Correspondent Name: | Gilbert J. Andia, Jr. |
| Address Line 1: | 301 N. Elm Street, Suite 800 |
| Address Line 4: | Greensboro, NORTH CAROLINA 27401 |

| NAME OF SUBMITTER: | Gilbert J. Andia, Jr. |
|---|---|
| SIGNATURE: | /gilbertjandiajr/ |
| DATE SIGNED: | 03/02/2018 |

**Total Attachments: 2**
source=FILING COPY -- Executed trademark assignment#page1.tif
source=FILING COPY -- Executed trademark assignment#page2.tif

OP $40.00 4684556